**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Allen D. Copeland** | |
| | Name: First    Middle    Last | |
| Debtor 2 | | |
| (Spouse, if filing) | Name: First    Middle    Last | |
| Case number: | 21-81155 | |
| (If known) | | |

Check if this is an amended plan ✓
Amends plan dated:   08/30/2021

# Chapter 13 Plan

### Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.  Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

### Part 2: Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$2300** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** **Regular payments to the trustee will be made from future income in the following manner** (*check all that apply*):

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

✓ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

Chapter 13 Plan                                                                 Page 1

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                       Best Case Bankruptcy

| Debtor | **Allen D. Copeland** | Case number | | Eff (01/01/2019) |
|---|---|---|---|---|

**2.3** **Income tax refunds and returns.** *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4** **Additional Payment** *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| **The Money Source Inc.** | 15885 AL Hwy 91 Hanceville, AL 35077 Cullman County | $221,777.99 | $1,495.00 Disbursed by: **Debtor** To Begin: **1** | $431.92 | All mortgage arrearage through July 2021. | $15.00 | |

**3.2** **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below:
   1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
   2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
   3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

   (a) payment of the underlying debt determined under nonbankruptcy law, or

Chapter 13 Plan                     Page 2 of 5
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| **Ally Financial** | $379.59 | $37,709.32 | 2019 Toyota Tacoma Sport | $38,550.00 | 5.25% | $903.00 | |
| **Mariner Finance, LLC** | $15.00 | $3,008.28 | John Deere Mower | $1,500.00 | 5.25% | $71.00 | |
| **OneMain Financial** | $25.00 | $16,684.56 | 2012 Fiat 500 2011 Chevrolet Malibu is on the same lien with the 2012 Fiat 500. 2011 Chevrolet Malibu value: $3750.00 2012 Fiat 500 value:$3650.00 | $7,400.00 | 5.25% | $400.00 | |
| **Performance Finance** | $25.00 | $18,641.29 | 2018 Indian Chief Dark Horse | $14,520.00 | 5.25% | $445.00 | |
| **Regfinalabam** | $15.00 | $4,777.76 | Snapper Mower | $4,800.00 | 5.25% | $114.00 | |
| **Tower Loan** | $15.00 | $4,910.54 | Snapper Mower, Generator, Tools and Pressure Washer | $4,000.00 | 5.25% | $118.00 | |

**3.4** **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Redstone Federal Credit Union** | 2010 Kia Rio<br>Will surrender-paid direct non-plan by co-signer, the Debtor's granddaughter. Co-signer drives and pays for. |

**Part 4:** **Treatment of Fees and Priority Claims**

**4.1** **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2**     **Chapter 13 case filing fee.** *Check one.*

       ☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
       ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3**     **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,750.00**. The amount of the attorney fee paid prepetition is $**66.00**.
The balance of the fee owed to Debtor(s)' attorney is $**3,684.00**, payable as follows (*check one*):

       ☐ $ at confirmation and $ per month thereafter until paid in full, or
       ☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4**     **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

       ☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
       ☐ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

**4.5**     **Domestic support obligations.** *Check one.*

       ☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**     **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2**     **Percentage, Base, or Pot Plan.** *Check one.*

       ☑ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
       ☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
       ☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
       ☐ Base Plan. This plan proposes to pay $____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3**     **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
       ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4**     **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

       ☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5**     **Other separately classified nonpriority unsecured claims.** *Check one*.

       ☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1**     **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

       ☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2**     **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

| Debtor | **Allen D. Copeland** | Case number | | Eff (01/01/2019) |
|---|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of the Estate

**8.1** **Property of the estate will vest in Debtor(s)** *(check one)*:

☑ Upon plan confirmation.

☐ Upon entry of Discharge

## Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)*:

**X** /s/Allen D. Copeland      Date   9/27/2021
    **Allen D. Copeland**

**X**      Date

**Signature of Attorney for Debtor(s):**
**X** /s/Ronald C. Sykstus      Date   9/27/2021
    **Ronald C. Sykstus**
    **225 Pratt Avenue NE**
    **Huntsville, AL 35801-4008**
    **256-539-9899**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

Local Form Number LR 3015-1(c) (12/17)

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE: Allen D. Copeland
     xxx-xx-5311
        Debtor.

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN CONTAINING VALUATION, LIEN AVOIDANCE, § 1301 CO-DEBTOR STAY RELIEF, OR CONTAINING A NON-STANDARD PROVISION REQUIRING RULE 7004 SERVICE

Debtor(s)' chapter 13 plan dated <u>September 27, 2021</u> (Doc. _) (check all that apply):

[ ] seeks to value collateral and cram down one or more secured claims in Part 3.2
[ ] seeks to avoid one or more liens in part 3.4
[ ] requests termination of the § 1301 co-debtor stay in Part 3.5
[ ] sets out one or more non-standard provisions in Part 9, requiring service under Rule 7004.

In accordance with Local Rule 3015-1(c), I certify that the creditors whose claims are affected have been served as follows:

| Creditor name and address (If the creditor is an entity other than an Insured Depository Institution ("IDI")*, identify the officer, managing agent, general agent, or other agent authorized to receive process to whose attention service was made. If the entity is an IDI, identify the officer to whose attention service was made via certified mail.) | Method of service |
|---|---|
| Redstone Federal Credit Union<br>c/o Joseph Newberry, President<br>220 Wynn Dr.<br>Huntsville, AL 35893 | [ ] First Class Mail<br><br>[x] Certified Mail No. 70191120000044345201 |
|  | [ ] First Class Mail<br><br>[ ] Certified Mail No. |
|  | [ ] First Class Mail<br><br>[ ] Certified Mail No. |
|  | [ ] First Class Mail<br><br>[ ] Certified Mail No. |

*Most IDI's are banks, credit unions, or savings & loan associations.

In accordance with Local Rule 3015-1(c), I certify that the § 1301 co-debtor(s) who are subject to the termination of the § 1301 co-debtor stay have been served via First Class U.S. Mail as follows:

| Name and address | Creditor | Collateral |
|---|---|---|
| Tiffany Chaviers<br>159 Landlowne Dr.<br>Madison, AL 35758 | Redstone Federal Credit Union | 2010 Kia Rio |
|  |  |  |

Under penalty of perjury, I declare that the foregoing is true and correct.

Date  9/27/2021   /s/Ronald C. Sykstus
　　　　　　　　　　　　　　　　Ronald C. Sykstus
　　　　　　　　　　　　　　　　Amy K. Tanner
　　　　　　　　　　　　　　　　James W. Ezzell, Jr.
　　　　　　　　　　　　　　　　Kathryn V. Davis
　　　　　　　　　　　　　　　　Attorney for Debtor

OF COUNSEL:

BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In Re:                                  Case No: 21-81155-CRJ-13

    Allen D. Copeland
     xxx-xx-5311

      Debtor,

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing on, **all listed creditors on the matrix and Michele T. Hatcher, Chapter 13 Standing Trustee, by** placing the same in the United States mail properly addressed and first class postage prepaid on this 27th day of September, 2021

                                                   /s/Ronald C. Sykstus
                                                  OF COUNSEL

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 21-81155-CRJ13<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Mon Aug 30 10:26:14 CDT 2021 | Ally Bank, c/o AIS Portfolio Services, LP<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 |
| 1st Franklin Financial<br>2015 Cherokee Avenue Sw<br>Cullman AL 35055-5524 | 1st Franklin Financial Corporation<br>Attn: Administrative Services<br>PO Box 880<br>Toccoa, GA 30577-0880 | Ally Financial<br>Attn: Bankruptcy<br>Po Box 380901<br>Bloomington MN 55438-0901 |
| Ally Financial<br>PO Box 9001951<br>Louisville KY 40290-1951 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Lendmark Financial Service<br>1735 North Brown Road<br>Suite 300<br>Lawenceville GA 30043-8228 |
| (p)LENDMARK FINANCIAL SERVICES<br>2118 USHER ST<br>COVINGTON GA 30014-2434 | Mariner Finance<br>1725 Decatur Hwy<br>Fultondale AL 35068-1752 | Mariner Finance, LLC<br>8211 Town Center Drive<br>Nottingham, MD 21236-5904 |
| Mariner Finance, LLC<br>Attn: Bankruptcy<br>8211 Town Center Drive<br>Nottingham MD 21236-5904 | OneMain Financial<br>Attn: Bankruptcy<br>Po Box 3251<br>Evansville IN 47731-3251 | Onemain<br>1650 Town Sq. SW<br>Cullman AL 35055-5263 |
| Performance Finance<br>1515 W 22nd Street<br>Oak Brook IL 60523-2007 | Performance Finance<br>PO Box 5108<br>Oak Brook IL 60522-5108 | Redstone Federal Credit Union<br>Attn: Bankruptcy<br>220 Wynn Drive Nw<br>Huntsville AL 35893-0001 |
| Regfinalabam<br>1710 2nd Avenue Sw, Suite 5<br>Cullman AL 35055-5337 | Regional Management Corporation<br>979 Batesville Road, Suite B<br>Greer, SC 29651-6819 | The Money Source<br>PO Box 619063<br>Dallas TX 75261-9063 |
| The Money Source Inc.<br>500 South Broad Street<br>Suite 100A<br>Meriden CT 06450-6755 | The Money Source Inc.<br>500 South Broad Street Suite 100A<br>Meriden, Connecticut 06450-6755 | (p)TOWER LOAN<br>P O BOX 320001<br>FLOWOOD MS 39232-0001 |
| Tower Loan of Cullman<br>PO Box 385<br>Cullman AL 35056-0385 | Wayfinder BK as agent for Performance Financ<br>PO Box 64090<br>Tucson, AZ 85728-4090 | Allen D. Copeland<br>15885 AL Hwy 91<br>Hanceville, AL 35077-3828 |
| Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 | Ronald C Sykstus<br>Bond Botes SykstusTanner & Ezzell PC<br>225 Pratt Avenue NE<br>Huntsville, AL 35801-4008 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>801 Tom Martin Dr, Room 126<br>Birmingham AL 35211 | Lendmark Financial Services, LLC<br>2118 Usher Street NW<br>Covington, GA 30014 | Tower Loan<br>Attn: Bankruptcy<br>Po Box 320001<br>Flowood MS 39232 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Ally Bank c/o AIS Portfolio Services, LP<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | (u)Tiffany Chaviers | End of Label Matrix<br>Mailable recipients   28<br>Bypassed recipients   2<br>Total   30 |