# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| Allen D. Copeland ) | CASE NO. **21-81155**-CRJ-13 |
| ) | |
| SSN: XXX-XX-5311 ) | CHAPTER 13 |
| DEBTOR ) | |

## CONFIRMATION ORDER

The Debtor's plan was filed on **September 27, 2021**. The Court finds that the plan (or amended plan if applicable) meets the requirements of 11 U.S.C. § 1325.

**IT IS THEREFORE ORDERED THAT:** The Debtor's Chapter 13 plan is confirmed, with the following provisions:

(1) **Plan Payments** – The Debtor shall pay **$2,300.00 MONTHLY FOR 60 MONTHS** to Michele T. Hatcher, the Chapter 13 Trustee. This is a **60 month <u>EXTENSION</u>** plan.

(2) **Claims** – To be paid in this case, a creditor must file a proper proof of claim with this Court. The Trustee shall pay the rate of interest stated on the Plan for each allowed secured claim, unless otherwise ordered. The Trustee shall pay the extent of each secured claim as follows:

- THE CLAIM OF **THE MONEY SOURCE, INC.** SHALL BE DEEMED A FULLY SECURED CLAIM AND SHALL BE PAID MONTHLY INSTALLMENTS OF **$15.00** UNTIL THE AMOUNT NECESSARY TO CURE THE DEFAULT ASSERTED THEREIN IS PAID IN FULL.
- THE CLAIM OF **MARINER FINANCE, LLC** SHALL BE DEEMED A FULLY SECURED CLAIM AND SHALL BE PAID MONTHLY INSTALLMENTS OF **$71.00** UNTIL THE SECURED AMOUNT ASSERTED THEREIN IS PAID IN FULL.
- THE CLAIM OF **REGIONAL MANAGEMENT CORPORATION** SHALL BE DEEMED A FULLY SECURED CLAIM AND SHALL BE PAID MONTHLY INSTALLMENTS OF **$114.00** UNTIL THE SECURED AMOUNT ASSERTED THEREIN IS PAID IN FULL.
- THE CLAIM OF **TOWER LOAN OF CULLMAN** SHALL BE DEEMED A FULLY SECURED CLAIM AND SHALL BE PAID MONTHLY INSTALLMENTS OF **$118.00** UNTIL THE SECURED AMOUNT ASSERTED THEREIN IS PAID IN FULL.
- THE CLAIM OF **ALLY BANK** SHALL BE DEEMED A FULLY SECURED CLAIM AND SHALL BE PAID MONTHLY INSTALLMENTS OF **$903.00** UNTIL THE SECURED AMOUNT ASSERTED THEREIN IS PAID IN FULL.
- THE CLAIM OF **ONEMAIN FINANCIAL GROUP, LLC** SHALL BE DEEMED A FULLY SECURED CLAIM AND SHALL BE PAID MONTHLY INSTALLMENTS OF **$400.00** UNTIL THE SECURED AMOUNT ASSERTED THEREIN IS PAID IN FULL.
- THE CLAIM OF **PERFORMANCE FINANCE** SHALL BE DEEMED A FULLY SECURED CLAIM AND SHALL BE PAID MONTHLY INSTALLMENTS OF **$445.00** UNTIL THE SECURED AMOUNT ASSERTED THEREIN IS PAID IN FULL.

(3) **Attorney Fee** – The Debtor's attorney is awarded a fee of **$3,750.00** of which **$66.00** has been paid.

(4) **Payments by the Trustee** – From the plan payments received, the Trustee shall pay allowed claims against the Estate in accordance with Administrative Order No. 17-06.

**Special Provisions:**
- THE STAY UNDER 11 U.S.C. § 362(a) IS TERMINATED PER PART 3.5 OF THE PLAN AS TO THE NAMED CREDITOR AND DESCRIBED COLLATERAL ONLY AND UNDER §1301 IN ALL RESPECTS.
- CLAIMS DISTRIBUTION WILL BE SUBJECT TO MODIFICATION AFTER BAR DATE REVIEW.

(5) **Child Support and Alimony** – Debtor shall pay all current child support and/or alimony payments which become due during the life of this plan. All stays provided for by the Bankruptcy Court or orders of this Court which would prohibit the filing of a wage withholding order against the Debtor to force payment of current child support or alimony are hereby vacated.

(6) **Property of the Estate** – Notwithstanding any contrary provision in the plan, "[T]he plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." *In re Telfair,* 216 F.3d 1333 (11th Cir. 2000) (quoting *In re Heath*, 115 F.3d at 524 (7th Cir. 1997)).

(7) **Dismissal** – If this case is dismissed, any monies received prior to the order of dismissal shall be distributed according to the confirmed plan.

Dated this the 5th day of November, 2021.    /s/ Clifton R. Jessup, Jr.
                                                Clifton R. Jessup, Jr.
                                                United States Bankruptcy Judge